**REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL**

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Tucker N. Terhufen (SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Joy B. Kete *(pro hac vice)*
kete@fr.com
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070 / Fax: 617-542-8906

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTIONS *IN LIMINE* NOS. 11-15 TO EXCLUDE ARGUMENT, EVIDENCE OR QUESTIONS RELATED TO CERTAIN REVENUE, AGREEMENTS AND PRICING**<br><br>Trial Date:  March 16, 2021<br>Courtroom: 9 D<br>Judge:   Hon. David O. Carter |

**REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL**

TO PLAINTIFF AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on January 25, 2021 at 8:30 a.m., or as soon thereafter as the matter may be heard in the United States District Court, Central District of California, Southern Division, located at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA 92701, before the Honorable David O. Carter, Defendant Apple Inc. ("Defendant") will move, and hereby does present for hearing by this Court this Motion *in Limine* Nos. 11-15 to exclude certain issues that Pinn may attempt to tie to its damages case at trial.

This motion is made pursuant to Fed. R. Civ. P. 26 and/or Federal Rules of Evidence, as well as the Local Rules applicable thereto. This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the omnibus declaration of Seth M. Sproul in support of the motion, any associated exhibits, and such additional papers and arguments as may be presented at or in connection with the hearing.

This motion is made following the conference of counsel pursuant to Local Rules 7-3 and 16-2, which took place on December 23, 2020, and continued during the weeks that followed leading up to the filing date of these motions.

REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL

Dated: January 8, 2021

FISH & RICHARDSON P.C.

By: */s/ Christopher S. Marchese*

Christopher S. Marchese (SBN 170239)
marchese@fr.com
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240
Fax: (858) 678-5099

Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Tucker N. Terhufen (SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Joy B. Kete *(pro hac vice)*
kete@fr.com
Fish & Richardson P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070
Fax: 617-542-8906

Attorneys for Defendant APPLE INC.

**REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL**

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................1

II.  LEGAL STANDARD ............................................................................1

III. ARGUMENT..........................................................................................2

    A.  Exclude Argument, Evidence, or Questions Regarding Apple Revenue and Profits for Accused Products Prior to Issuance of the '066 Patent (MIL No. 11)..................................................................2

    B.  Exclude Argument, Evidence, or Questions Regarding Total Revenue and Total Profits for AirPods (MIL No. 12) ...........................3

    C.  Exclude Argument, Evidence, or Questions Regarding Apple's Technology Agreements (MIL No. 13) ....................................................4

    D.  Exclude Argument, Evidence, or Questions Regarding ███████████████████████████████████████ (MIL No. 14) ..................................................................................................5

    E.  Exclude Argument, Evidence, or Questions Regarding ███████ Acceptability Based on Timing of '491 Patent Issuance (MIL No. 15) .......................................................................6

IV.  CONCLUSION ......................................................................................9

**REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Home Assur. Co. v. Am. President Lines, Ltd.*,
  44 F.3d 774 (9th Cir. 1994) ...............................................................................2

*Buckley v. Evans*,
  No. 2:02-cv-01451, 2007 WL 2900173 (E.D. Cal. Sept. 28, 2007)................2, 8

*Larez v. City of Los Angeles*,
  946 F.2d 630 (9th Cir. 1991) ..............................................................................2

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ......................................................................6, 8

*Magnivision, Inc. v. Bonneau Co.*,
  115 F.3d 956 (Fed. Cir. 1997) .........................................................................1, 8

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) ..........................................................................3

**Other Authorities**

Fed. R. Evid. 402 .................................................................................................1, 8

Fed. R. Evid. 403 ..............................................................................................1, 2, 8

Fed. R. Evid. 401 .................................................................................................1, 8

REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Apple Inc. ("Apple") hereby moves *in limine* to exclude evidence under at least Fed. R. Evid. 402 and 403.  Apple has narrowly tailored these requests to target specific evidence that it understands Pinn may attempt to tie to its damages case, but that have no probative value related to the issues in this case.

Apple objects to the following being introduced or argued at trial:  (i) any argument, evidence, or questions regarding Apple revenue and profits for accused products prior to issuance of the'066 patent; (ii) any argument, evidence, or questions regarding total revenue and total profits for AirPods; (iii) any argument, evidence, or questions regarding Apple's technology agreements; (iv) any argument, evidence, or questions regarding ███████████████████████; and (v) any argument, evidence, or questions regarding the acceptability of ████████████ based on the timing of issuance of the '491 patent, which is not at issue at trial.

## II.   LEGAL STANDARD

"Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Furthermore, even if deemed relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]"  Fed. R. Evid. 403.

"Although the trial court has substantial discretion in determining the evidence to be admitted, the ultimate fact must be 'of consequence to the determination of the action,' in the words of Federal Rule of Evidence 401." *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997).  "In any trial there is a risk that in McCormick's phrase, 'the sideshow will swallow up the circus.'  That is that side issues of only tangential relevance will take up inordinate time and divert the jury from the real issues in the case.  The trial court's weapons to prevent this [include]

REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL

the Federal Rule of Evidence 403[.]" *Buckley v. Evans*, No. 2:02-cv-01451, 2007 WL 2900173, at *4 & n.13 (E.D. Cal. Sept. 28, 2007).

Unfair prejudice under Rule 403 "involves an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (quoting Notes on the Advisory Committee on the 1972 Proposed Rules for Fed. R. Evid. 403). "Probative value is determined by how likely the evidence is to prove some fact, not how important proof of that fact is to the proponent's case." *Am. Home Assur. Co. v. Am. President Lines, Ltd.*, 44 F.3d 774, 779 (9th Cir. 1994).

## III.   ARGUMENT

### A.   Exclude Argument, Evidence, or Questions Regarding Apple Revenue and Profits for Accused Products Prior to Issuance of the '066 Patent (MIL No. 11)

The Court granted summary judgment of non-infringement of the '491 Patent (*see* ECF 311 at 2), eliminating it from the case.  That left the '066 Patent and '198 Patent, both of which issued after this suit was filed, on October 22, 2019 and March 31, 2020, respectively.  The Court also granted summary judgment of no pre-issuance damages (*see id.*), so the earliest damages can begin is October 22, 2019.

Since Pinn cannot collect damages before October 22, 2019, Apple's revenue and profits before that date are irrelevant, and permitting Pinn to introduce evidence concerning them will only serve to confuse the jury and cause unfair prejudice to Apple.

Revenue and profits before the damages period are irrelevant because Pinn and its expert have articulated no reason why such figures would affect damages.  To the contrary, Pinn seeks a per unit royalty on each allegedly *infringing* sale, and there can be no infringing sales before October 22, 2019.

In addition, evidence of irrelevant revenue and profit would be unfairly prejudicial because the more Pinn can inflate Apple's numbers, the more Pinn can

**REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL**

"skew the damages horizon," contrary to established Federal Circuit precedent beginning with *Uniloc*: "As the district court aptly noted, '[t]he $19 billion cat was never put back into the bag even by Microsoft's cross-examination of Mr. Gemini and re-direct of Mr. Napper, and in spite of a final instruction that the jury may not award damages based on Microsoft's entire revenue from all the accused products in the case.' This is unsurprising. The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320-21 (Fed. Cir. 2011) (internal citation omitted).

The same is true here. The disclosure that Apple ███████████████, which are irrelevant to the actual damages calculation, cannot help but skew the jury's damages horizon. The Court should exclude Pinn's attempt to do that.

## B. Exclude Argument, Evidence, or Questions Regarding Total Revenue and Total Profits for AirPods (MIL No. 12)

The Court granted Apple's *Daubert* motion seeking to exclude reference to Apple's valuation or market capitalization. (*See* ECF 311 at 3.) Apple hereby requests that Court apply that ruling to all evidence, argument, and questions by Pinn, its lawyers, and its witnesses, not just Pinn's experts under *Daubert*.

At the same time, the Court denied Apple's *Daubert* motion seeking to exclude Apple's total revenue and profits for the accused products. (*See id.*) Apple argued that this information was irrelevant and unduly prejudicial because Pinn has not satisfied the Entire Market Value Rule, because Pinn does not use these figures to calculate damages (Pinn instead multiples the accused number of *units* by a per unit rate), because Pinn's benchmark licenses are not calculated as percentage of revenue or profits, and because Apple's total revenue and profits would skew the damages horizon. (*See* ECF 229 at 17-18.)

REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL

Apple understands that the Court will likely make the same ruling in response to this motion *in limine* seeking to exclude the underlying evidence as opposed to the expert testimony at issue in the *Daubert* motion. Nonetheless, Apple hereby renews and preserves its objection to the admission of any evidence, argument, or questions regarding Apple's total revenue or profits from the accused products as irrelevant and unduly prejudicial.[1]

### C.   Exclude Argument, Evidence, or Questions Regarding Apple's Technology Agreements (MIL No. 13)

Following motion practice before Magistrate Judge Early, Apple produced scores of Apple's ███████████████████████████████████████████████████████████████████████████████████████████████████████████████. This included Apple's agreements between Apple and the following technology vendors: ███████████████████████████████████. Apple has maintained throughout the case that these agreements are irrelevant. They are also sensitive, complex, and require significant context to understand.

In Pinn's damages expert report, Dr. Magee and Ms. Hikino note that "███████████████████████████████████████████████████████████" and do not rely on them in calculating damages. (ECF 229-1 [Expert Report of Dr. Magee and Ms. Hikino] at ¶¶ 60, 219 (emphasis added).) Likewise, Apple's damages expert, Ms. Knox, does not rely on these agreements in calculating damages. However, Pinn has included several such agreements on its exhibit list, including JTX-202, 203, 300, 302, 303, 304, 342, 343, 344, 346, 476. Because these agreements are irrelevant to any issue in the case—as admitted by Pinn's damages experts—they should be excluded.

---

[1] By way of example, this motion would impact Pinn's reliance on exhibits JTX-254, 396, 398, 399, 430, and 487.

**REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL**

In addition, these agreements should be excluded from the trial because any probative value they have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. As noted, these agreements are complex and lengthy; they relate to circuitry and software not implicated by Pinn's infringement allegations. Their admission into evidence, therefore, would only serve confuse and mislead the jury and lead them to believe the rates paid under these agreements are somehow relevant to damages, unfairly prejudicing Apple.

Accordingly, the Court should exclude the technology agreements from the trial.

**D.    Exclude Argument, Evidence, or Questions Regarding ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (MIL No. 14)**

As the Court knows from *Daubert*, Pinn relies upon its settlement agreements with ▓▓▓▓▓▓▓▓▓▓▓▓▓ to calculate damages in this case. However, for some reason Pinn also proposes to introduce other Apple agreements that its own experts say are *not comparable* to the hypothetical negotiation, namely Apple's agreements related to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[2] Under applicable law, the Court should not permit this.

Regarding Apple's agreement with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ related to litigation with ▓▓▓, Pinn's experts Dr. Magee and Ms. Hikino state "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." (ECF 229-1 (Magee/Hikino Report) at ¶ 111.) Not only do Pinn's damages experts admit the RPX/FISI agreements "would not be a comparable royalty rate for the hypothetical negotiation," Pinn's technical experts have submitted no opinion that the FISI patents are technically comparable.

---

[2] *See* JTX-200, 201, 285, 286, 386, 387, 388 (agreements); JTX-382, 383 (documents from ▓▓▓▓▓▓ litigation); JTX-384 (press release re ▓▓▓▓▓▓▓▓▓); 385 (▓▓▓ 10-K).

**REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL**

Under these circumstances, the Court should not admit the ███████ agreements and related documents—███████ ███ ███████ ███████ ███████████████████████████████████████████████ ████████████████████████████. For example, in *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325-32 (Fed. Cir. 2009), the Federal Circuit vacated a $357 million jury verdict against Microsoft because the plaintiff failed to establish the comparability of its alleged benchmark licenses. The court held that plaintiff had "the burden to prove that the licenses were sufficiently comparable," that relying on the fact that the patent-in-suit and benchmark patents were all "PC-related" was insufficient to establish comparability, and that a "license agreement for multiple patents to broad, PC-related technologies" was "vastly different" than "one patent…directed to a narrower method of using a graphical user interface tool known as the date-picker." *Id.* at 1328-29.

This Court should hold the same and exclude all evidence and argument regarding ██████████.

**E.   Exclude Argument, Evidence, or Questions Regarding ██████████ Acceptability Based on Timing of '491 Patent Issuance (MIL No. 15)**

The Court should preclude Pinn's damages experts from offering opinions at trial tethered to the '491 patent, which the Court has already found that Apple does not infringe and will not be at issue at trial. Specifically, Dr. Magee and Ms. Hikino's expert report includes argument regarding ██████████████████████ ██████ would not be feasible at the time of the hypothetical negotiation, which at the time of the report, was based on the October 2017 issuance of the '491 patent. (ECF 229-1 [Expert Report of Dr. Magee and Ms. Hikino] at ¶ 199.) The Court found that Apple does not infringe the '491 patent, so its issuance date is no longer the proper date for the hypothetical negotiation, which now occurs at the earliest on October 22, 2019, the issue date of the '066 Patent. These arguments that ██████████ would

**REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL**

have not been feasible back in October 2017, therefore, are inaccurate, irrelevant, misleading, prejudicial, and have a high likelihood of confusing the jury.

To begin, Pinn accuses the operation of the AirPods case button of infringement. That button places the AirPods into discoverability mode so that a user can initiate pairing from a smartphone. As part of its defense to Pinn's damages claim, ███████████████████████████████████████████████████████████████. This ██████████████ would avoid Pinn's infringement accusations. ████████████████████████████████████████████████████████████████████████████████████████████████████████████.

In their expert report, Dr. Magee and Ms. Hikino attempted to attack the feasibility of Apple's proposed redesign. They posited as follows:



(ECF 229-1 [Expert Report of Dr. Magee and Ms. Hikino] at ¶ 199.) In sum, Pinn's experts opine that because the hypothetical negotiation would have occurred in late October 2017 (based on issuance of the '491 patent), Apple would not have incurred market risk ██████████ during the holidays because AirPods had "finally started to gain real momentum." This was less than a year after the first shipment of AirPods,

7

DEFENDANT APPLE INC.'S MOTIONS *IN LIMINE* NOS. 11-15
Case No. 8:19-cv-1805-DOC-JDE

**REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL**

which occurred in December 2016, and Pinn's experts assert that with Apple anticipating accelerating growth over the holiday season in 2017, ████████ ██████████████████████████████████████████████████ This opinion is necessarily dependent on the hypothetical negotiation occurring in October 2017 just before the holidays and when AirPods were in the early commercial stages and were just taking off.

The Court has subsequently granted multiple of Apple's summary judgment motions, which have rendered this argument moot and irrelevant. First, the Court granted Apple's motions for summary judgment of non-infringement of claim one of the '491 patent, which removed that patent from the case, and precluding pre-suit damages. (ECF 311.) Second, the Court granted Apple's motion for summary judgment of no pre-issuance damages for the '066 patent. (*Id.*) The upshot is that the date of the hypothetical negotiation is no longer October 2017; the hypothetical negotiation date is at the earliest in October 2019, when the '066 patent issued.

The Court should preclude Pinn's argument because it is irrelevant, prejudicial, misleading, and confusing for the jury. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Furthermore, even if deemed relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

"Although the trial court has substantial discretion in determining the evidence to be admitted, the ultimate fact must be 'of consequence to the determination of the action,' in the words of Federal Rule of Evidence 401." *Magnivision, Inc. v Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997). "In any trial there is a risk that in McCormick's phrase, 'the sideshow will swallow up the circus.' That is that side issues of only tangential relevance will take up inordinate time and divert the jury from the real issues in the case. The court's weapons to prevent this [include] the Federal Rule of Evidence 403 . . . ." *Buckley*, 2007 WL 2900173, at *4 & n.13.

**REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL**

Because Dr. Magee and Ms. Hikino's opinion is tethered to the issuance date of the '491 patent, it is no longer accurate, relevant, or useful to the jury in any capacity.  The hypothetical negotiation date is now shifted to at least as late as October 2019, so Pinn's expert opinions about market risk during the holidays in 2017—a full *two years earlier*—have no place in this trial.  Pinn's experts provided no similar opinions regarding the now-applicable hypothetical negotiation date of October 2019.  Permitting Pinn to present these arguments tethered to a patent that Apple does not infringe and that is not at issue at trial will only serve to mislead and confuse the jury, and would be a waste of the parties' and the Court's time.

Apple asks that the Court preclude Pinn's experts, witnesses, and attorneys from making any argument, introducing any evidence, or asking any questions, regarding the feasibility ▮▮▮▮▮ based on supposed market risks that would have existed when the '491 patent issued.

**IV.   CONCLUSION**

Apple respectfully requests that the Court exclude from the case the materials discussed herein.

REDACTED VERSION OF PROPOSED DOCUMENT TO BE FILED UNDER SEAL

Dated:  January 8, 2021             FISH & RICHARDSON P.C.


By: */s/ Christopher S. Marchese*

       Christopher S. Marchese (SBN 170239)
       marchese@fr.com
       633 West Fifth Street, 26th Floor
       Los Angeles, CA 90071
       Tel: (213) 533-4240
       Fax: (858) 678-5099

       Seth M. Sproul (SBN 217711)
       sproul@fr.com
       John W. Thornburgh (SBN 154627)
       thornburgh@fr.com
       Tucker N. Terhufen (SBN 311038)
       terhufen@fr.com
       FISH & RICHARDSON P.C.
       12860 El Camino Real, Suite 400
       San Diego, CA 92130
       Tel: (858) 678-5070
       Fax: (858) 678-5099

       Joy B. Kete *(pro hac vice)*
       kete@fr.com
       Fish & Richardson P.C.
       One Marina Park
       Boston, MA 02210
       Tel: 617-542-5070
       Fax: 617-542-8906

Attorneys for Defendant APPLE INC.