Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 533-4240 / Fax: (858) 678-5099

Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Tucker N. Terhufen (SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Joy B. Kete (*pro hac vice*)
kete@fr.com
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
Tel: 617-542-5070 / Fax: 617-542-8906

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PINN, INC.,<br><br>                    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 8:19-cv-1805-DOC-JDE<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTIONS *IN LIMINE* NOS. 1-5 TO EXCLUDE CERTAIN ARGUMENT AND EVIDENCE RELATED TO APPLE INC.**<br><br>Trial Date:    March 16, 2021<br>Courtroom:   9 D<br>Judge:       Hon. David O. Carter |

TO PLAINTIFF AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on January 25, 2021 at 8:30 a.m., or as soon thereafter as the matter may be heard in the United States District Court, Central District of California, Southern Division, located at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA 92701, before the Honorable David O. Carter, Defendant Apple Inc. ("Defendant") will move, and hereby does present for hearing by this Court this Motion *in Limine* Nos. 1-5 to exclude certain argument and evidence related to Apple Inc.

This motion is made pursuant to Fed. R. Civ. P. 26 and/or Federal Rules of Evidence, as well as the Local Rules applicable thereto. This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the omnibus declaration of Seth M. Sproul in support of the motion, any associated exhibits, and such additional papers and arguments as may be presented at or in connection with the hearing.

This motion is made following the conference of counsel pursuant to Local Rules 7-3 and 16-2, which took place on December 23, 2020, and continued during the weeks that followed leading up to the filing date of these motions.

Dated:  January 8, 2021                    FISH & RICHARDSON P.C.


By: */s/ Christopher S. Marchese*

    Christopher S. Marchese (SBN 170239)
    marchese@fr.com
    633 West Fifth Street, 26th Floor
    Los Angeles, CA 90071
    Tel: (213) 533-4240
    Fax: (858) 678-5099

    Seth M. Sproul (SBN 217711)
    sproul@fr.com
    John W. Thornburgh (SBN 154627)
    thornburgh@fr.com
    Tucker N. Terhufen (SBN 311038)
    terhufen@fr.com
    FISH & RICHARDSON P.C.
    12860 El Camino Real, Suite 400
    San Diego, CA 92130
    Tel: (858) 678-5070
    Fax: (858) 678-5099

    Joy B. Kete *(pro hac vice)*
    kete@fr.com
    Fish & Richardson P.C.
    One Marina Park
    Boston, MA 02210
    Tel: 617-542-5070
    Fax: 617-542-8906

Attorneys for Defendant APPLE INC.

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................1

II.   LEGAL STANDARD ................................................................................................1

III.  ARGUMENT..............................................................................................................2

    A.   Exclude Argument, Evidence, or Questions Regarding
        Unannounced, Non-Accused Apple Products (MIL No. 1)....................2

    B.   Exclude Argument, Evidence, or Questions as to Unrelated
        Litigations and Investigations (MIL No. 2) .............................................5

    C.   Exclude Evidence or Argument Regarding Apple's Foreign
        Operations and Contract Manufacturers (MIL No. 3) ............................8

    D.   Exclude Evidence or Argument Regarding Apple Witness
        Compensation Unrelated to this Case (MIL No. 4) .............................10

    E.   Exclude Evidence Regarding Steve Jobs and Political Positions
        Taken by Apple or its Leadership (MIL No. 5) ...................................10

IV.   CONCLUSION ........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Home Assur. Co. v. Am. President Lines, Ltd.*,
   44 F.3d 774 (9th Cir. 1994) ...................................................................................2

*Apple iPod iTunes Antitrust Litig.*,
   No. 05-cv-0037-YGR, 2014 WL 12719192, at *4 (N.D. Cal. Nov. 18, 2014)....12

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 11-CV-01846-LHK, Dkt. 1267 (N.D. Cal. July 19, 2012)..........................12

*Arlington Indus. Inc. v. Bridgeport Fittings, Inc.*,
   No. 3:01-cv-485, 2009 WL 2997923 (M.D. Pa. Sept. 11, 2009).........................6

*Ashbury Heights Capital, LLC v. Factset Research Systems, Inc.*
   (Cal. Super. Ct. 2014) .....................................................................................7, 8

*AVM Techs. LLC v. Intel Corp.*,
   No. 15-cv-33, 2017 WL 2983191 (D. Del. Apr. 19, 2017).................................4

*Bakst v. Cmty. Mem. Health Sys., Inc.*,
   No. CV 09-08241 MMM, 2011 WL 13214315 (C.D. Cal. Mar. 7, 2011).........11

*Buckley v. Evans*,
   No. 2:02-cv-01451, 2007 WL 2900173 (E.D. Cal. Sept. 28, 2007).....................1

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
   No. 2:13-cv-01112-JRG, 2014 WL 11089490 (E.D. Tex. Sept. 4, 2014) .........12

*Contentguard Holdings, Inc. v. Amazon.com., Inc.*,
   No. 2-13-cv-01112-JRG, 2-14-cv-00061-JRG, 2015 WL 12915561 (E.D. Tex.
   Aug. 3, 2015) ...................................................................................................9

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 15-cv-05008 NC, Dkt. 362 (N.D. Cal. Nov. 17, 2016) ..............................12

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6-12-cv-100, Dkt. 359 (E.D. Tex. Dec. 18, 2014)......................................12

*Emblaze Ltd. Inc. v. Apple Inc.*,
   No. 511-cv-01079-PSC, Dkt. 519 (N.D. Cal. June 19, 2014)...........................12

*Fabric Selection, Inc. v. NNW Import, Inc.*,
  No. 2-16-cv-08558-CAS, 2018 WL 1779334 (C.D. Cal. Apr. 11, 2018)............9

*GPNE Corp. v. Apple Inc.*,
  No. 5:12-cv-2885, Dkt. 319 (N.D. Cal. June 24, 2014) .......................................6

*In re Homestore.com, Inc.*,
  No. 2:01-cv-11115, 2011 WL 291176 (C.D. Cal. Jan. 25, 2001) ........................6

*Jinro Am. Inc. v. Secure Invs., Inc.*,
  266 F.3d 993 (9th Cir. 2001) ..............................................................................9

*Larez v. City of Los Angeles*,
  946 F.2d 630 (9th Cir. 1991) ..............................................................................1

*Magnivision, Inc. v. Bonneau Co.*,
  115 F.3d 956 (Fed. Cir. 1997) ............................................................................1

*Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*,
  No. 05-CV-1887, 2009 WL 3754170 (D.N.J. Nov. 5, 2009)...............................7

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
  No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016).......9

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*,
  No. 2:13-cv-213, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015)...........................4

*Sandee Osborn v. Costco Wholesale Corp.*
  (Cal. Super. Ct. 2012).....................................................................................7, 8

*United HealthCare Corp. v. Am. Trade Ins. Co.*,
  88 F.3d 563 (8th Cir. 1996) ................................................................................6

**Other Authorities**

Fed. R. Evid. 402 ............................................................................1, 4, 5, 11

Fed. R. Evid. 403 ............................................................................1, 5, 9, 11

Fed. R. Evid. 401 ............................................................................1, 4, 5, 11

Fed. R. Evid. 802 ...........................................................................................11

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I. INTRODUCTION

Defendant Apple Inc. ("Apple") hereby moves *in limine* to exclude five categories of evidence in this case related to Apple, including: (i) any argument, evidence, or questions regarding unannounced, non-accused products; (ii) any argument, evidence, or questions as to unrelated litigations and investigations; (iii) any evidence regarding Apple's foreign operations and contract manufacturers; (iv) any evidence regarding Apple witness compensation unrelated to this case; and (v) any evidence regarding Steve Jobs or political positions taken by Apple or its leadership.

## II. LEGAL STANDARD

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Furthermore, even if deemed relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" Fed. R. Evid. 403.

"Although the trial court has substantial discretion in determining the evidence to be admitted, the ultimate fact must be 'of consequence to the determination of the action,' in the words of Federal Rule of Evidence 401." *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997). "In any trial there is a risk that in McCormick's phrase, 'the sideshow will swallow up the circus.' That is that side issues of only tangential relevance will take up inordinate time and divert the jury from the real issues in the case. The trial court's weapons to prevent this [include] the Federal Rule of Evidence 403[.]" *Buckley v. Evans*, No. 2:02-cv-01451, 2007 WL 2900173, at *4 & n.13 (E.D. Cal. Sept. 28, 2007).

Unfair prejudice under Rule 403 "involves an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (quoting Notes on the Advisory Committee on the 1972 Proposed Rules for Fed. R. Evid. 403).

"Probative value is determined by how likely the evidence is to prove some fact, not how important proof of that fact is to the proponent's case." *Am. Home Assur. Co. v. Am. President Lines, Ltd.*, 44 F.3d 774, 779 (9th Cir. 1994).

## III.    ARGUMENT

### A.    Exclude Argument, Evidence, or Questions Regarding Unannounced, Non-Accused Apple Products (MIL No. 1)

Pinn should be precluded from offering evidence or argument or asking questions about non-accused Apple products, including what Pinn has referred to as "secret" Apple products and unannounced Apple products.  As a matter of corporate policy, Apple does not discuss unannounced future products outside of Apple.  When Apple introduces a new product, its introduction is typically the first time the market has learned about the product.  Apple's products can be worth billions of dollars, and new information about any Apple unannounced product could shift markets worldwide and severely prejudice Apple in the market.  In line with this policy, Apple's engineers did not answer questions at their depositions about confidential projects happening at Apple that are unrelated to the AirPods.  Pinn did not escalate the issue to the Court, and Apple understood it to be a moot issue.

However, Pinn has designated voluminous deposition testimony and objections regarding Apple products that were under development at the time of depositions and are not related to the AirPods.  The following designations from Pinn are exemplary:

Q. And are you working on any Apple AirPods or Beats Projects currently?

A. I am not.

Q. What are you doing now?

A. I cannot disclose.

Q. And why is that?

A. It's unrelated, confidential, unreleased products that are not related to audio products.

(*See* Ex. 1 to Sproul Decl. (Stiehl Deposition) at 7:1-10.)  Pinn insisted on designating significant testimony about what it characterized as a "secret project" that Pinn suggested Mr. Stiehl wouldn't "tell the jury about":

> Q. Your current project, the secret project that you won't tell the jury about, does it relate in any way to Bluetooth connectivity?
>
> A. I cannot disclose the features of the product that we're working on unfortunately.

(*Id.* at 15:22 – 16:1.)  Indeed, Pinn spent an inordinate amount of time with Mr. Stiehl, who was as forthright as he could be that his current project had nothing to do with earbuds or wireless headsets.  (*Id.* at 7:6 – 19:23.)

This issue permeates testimony that Pinn designated across multiple Apple technical witnesses, including Mr. Stiehl, Mr. Adams, and Mr. Watson.  The witnesses testified that Apple has policies precluding them from discussing such unannounced, and non-accused, products, as seen in the testimony included above.  And to avoid doubt, Apple counsel permitted Pinn to ask questions to establish that the unannounced products are not related to the products accused in this litigation, and would thus not fall under the scope of Pinn's assertions:

> Mr. Sproul: Kevin, you used some particular language in your first question and not in that question.  Maybe if you asked him whether it is an untethered wireless product with a charging case.
>
> Mr. Kudlac: It's like you took the words right out of my mouth.  That's exactly what I was going to ask.
>
> Q. Is the [codename] an untethered wireless headphone product with a charging case?
>
> A. No.
>
> Q. Thank you.  That will make all of our lives simpler.

(Sproul Decl., Ex. 2 (Adams Deposition) at 127:4-16.)  As seen above, Mr. Stiehl also confirmed his current work was "not related to audio products."  Pinn also designated similar testimony from Mr. Watson.

To the extent that Pinn took issue with Apple's policy, and its engineers' insistence on maintaining that policy, Pinn never raised the issue with the Court.  Thus, the time for discussion of any unannounced products has passed, and they are not part of the trial.  These discussions are irrelevant to any issue in the case, it would be prejudicial to discuss them, and should be excluded for the reasons set forth below.

*First*, evidence or arguments concerning unannounced and non-accused Apple products should be excluded under Federal Rules of Evidence 401 and 402 because they are not relevant to any question the jury will be asked to resolve.  The pertinent question before the jury is whether the Apple products Pinn has actually accused infringe any of the asserted claims of the asserted patents—as articulated in Pinn's Memorandum of Contentions of Fact and Law.  Pinn has not accused anything but AirPods (first and second generation) and AirPods Pro.  (ECF 329 at 6.)  Non-accused Apple products are irrelevant to that inquiry.  *See AVM Techs. LLC v. Intel Corp.*, No. 15-cv-33, 2017 WL 2983191, at *2 (D. Del. Apr. 19, 2017) (excluding evidence concerning a non-accused "circuit in the four products at issue" because it was "irrelevant"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*, No. 2:13-cv-213, 2015 WL 627430, at *4 (E.D. Tex. Jan. 31, 2015) (precluding testimony or argument concerning whether non-accused products do not infringe).  The lone exception is Apple's PowerBeats Pro product, which Pinn had originally accused of infringement but dropped from the case.  Pinn's damages experts Dr. Magee and Ms. Hikino have offered opinions that the PowerBeats Pro is not a "non-infringing alternative" for purposes of reasonable royalty damages.  (ECF 229-1 (Expert Report of Dr. Magee and Ms. Hikino) at ¶¶ 158-162 (also citing an "interview" with Pinn's expert Mr. Petro).)  Thus, that non-accused product will be relevant to the trial.

**Second**, evidence or arguments concerning unannounced and non-accused Apple products should be excluded under Federal Rule of Evidence 403, because any probative value is outweighed by the unfair prejudice it would cause to Apple. As set forth above, there is no probative value to such testimony. References to a "secret project" that the witnesses would "not tell the jury about" are intended only to paint Apple in a bad light and to prejudice Apple. That Apple witnesses respected the company policy on unannounced products is not relevant to any issue, and Pinn would only play this testimony to suggest that Apple is secretive, malicious, or to suggest that the Apple witnesses had done something wrong in refusing to answer such questions. They did not, and Pinn should be precluded from playing such testimony or making such assertions to suggest that Apple had done something sneaky by not discussing its unannounced products. The engineers made clear that any such products were outside the scope of the case, and consistent with those assertions, Apple has not released any new product that Pinn would accuse of infringement. Accordingly, discussion of unannounced and non-accused Apple products (except the Powerbeats Pro) should be excluded from the trial.

**B.    Exclude Argument, Evidence, or Questions as to Unrelated Litigations and Investigations (MIL No. 2)**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Pinn should be precluded from referring to or presenting evidence regarding any unrelated litigations or investigations, with the exception of litigations discussed in the parties' expert reports. Pinn's exhibit list includes several such documents, ranging from verdict forms and other underlying materials from past cases against Apple (JTX-435-436, 536-567), to articles related to antitrust investigations involving Apple (JTX-464, 477), to Patent Office decisions regarding *inter partes* review for patents that are unrelated to this case (JTX-568-570), to pleadings from non-patent matters involving neither party that have no connection to this case (JTX-490-494). Such materials are irrelevant to any issue the jury must decide, will likely confuse and mislead the jury,

and will prejudice Apple by requiring it to devote time and resources to irrelevant "trials within a trial."

The materials from other proceedings involving Apple that Pinn seeks to rely on have no overlap in asserted patents or accused products with the present case.  Nor has Pinn shown that any of these other litigations involved patents comparable in scope or technology to the patents-in-suit to justify their relevance to this case.  To the contrary, these litigations are not mentioned anywhere in Pinn's expert reports, are not relevant to the calculation of damages, and were never mentioned in this case prior to the parties' exchange of exhibit lists for trial.  Accordingly, the Court should exclude this evidence as irrelevant.  *See GPNE Corp. v. Apple Inc.*, No. 5:12-cv-2885, Dkt. 319 at 1-2 (N.D. Cal. June 24, 2014) (finding "no relevance" of "litigation between Apple and Samsung" where patents-in-suit differed); *Arlington Indus. Inc. v. Bridgeport Fittings, Inc.*, No. 3:01-cv-485, 2009 WL 2997923, at *1-2 (M.D. Pa. Sept. 11, 2009) (excluding litigation regarding "entirely different patents" as irrelevant); *see also United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 573 (8th Cir. 1996) (affirming exclusion of evidence of unrelated lawsuits where prior lawsuits did not make a fact in the current case "more or less probable").

Evidence regarding unrelated Apple litigations and investigations should also be excluded due to its potential to prejudice, confuse, or distract the jury.  *See, e.g.*, *In re Homestore.com, Inc.*, No. 2:01-cv-11115, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2001) (excluding evidence of plaintiff's involvement in prior lawsuits and noting it "carries with it a high risk of prejudice").  For example, Pinn has included verdict forms and final judgments showing the following damages awards against Apple:

- JTX-547: Verdict form from *Optis Wireless Technology, LLC v. Apple Inc.* (E.D. Tex.) showing $506 million damages award;

- JTX-549: Amended judgment from *Wisconsin Alumni Research Foundation v. Apple Inc.* (W.D. Wisc.) showing $506 million damages award;

- JTX-553: Verdict form from *Qualcomm Incorporated v. Apple Inc.* (S.D. Cal.) showing $31 million damages award;

- JTX-558: Verdict form from *VirnetX Inc. v. Apple Inc.* (E.D. Tex.) showing $502 million damages award;

- JTX-559: Verdict form from *VirnetX Inc. v. Apple Inc.* (E.D. Tex.) showing $502 million damages award;

- JTX-562: Final judgment from *WiLan Inc. v. Apple Inc.* (S.D. Cal.) showing $85 million damages award; and

- JTX-566: Final judgment from *The California Institute of Technology v. Broadcom Ltd., Broadcom Corp., Avago Ltd., and Apple Inc.* (C.D. Cal.) showing $1.1 billion damages award.

These damages awards have nothing to do with the present case, but if these numbers were shown to the jury, they could have an inflammatory effect and could easily skew the jury's perception regarding damages. This should not be permitted.

Additionally, the prejudicial effect of creating "trials within a trial" significantly outweighs any probative value of the evidence. Indeed, if Pinn introduced evidence from past or ongoing unrelated litigations or investigations, Apple would be required to respond by providing the full context of those matters—a time-consuming, confusing, and unnecessary sideshow. *See Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*, No. 05-CV-1887, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (excluding evidence of prior and collateral litigations because they are "likely to result in unfair prejudice, confusion and undue delay"). For these reasons, the Court should exclude argument, evidence, or questions as to Apple's unrelated litigations and investigations.

For similar reasons, the Court should also exclude materials from litigations that involve neither of the parties. Pinn has included materials from two such cases on its exhibit list: (i) *Ashbury Heights Capital, LLC v. Factset Research Systems, Inc.* (Cal. Super. Ct. 2014); and (ii) *Sandee Osborn v. Costco Wholesale Corp.* (Cal. Super.

Ct. 2012). These cases were never mentioned in this case prior to their appearance on Pinn's exhibit list. The *Ashbury Heights* case involves allegations made by the founders of a start-up regarding theft of their intellectual property, and could potentially be used by Pinn in an attempt to draw some sort of parallel to Sean Kim and Pinn. Such a comparison would be irrelevant, improper, and a distraction. The *Sandee Osborn* case involves allegations of wrongful termination and defamation, and does not appear to have any plausible tie to this case. It should also be excluded.

Finally, the exhibits referenced herein (with the exception of JTX-464 and 477, articles related to antitrust investigations involving Apple) should be excluded for the additional reason that they were untimely disclosed and were not produced during fact discovery. This issue is addressed in more detail in Apple's Motion *in Limine* No. 10.

### C. Exclude Evidence or Argument Regarding Apple's Foreign Operations and Contract Manufacturers (MIL No. 3)

Pinn should be precluded from offering any evidence or argument regarding Apple's foreign operations, including the size of Apple's operations abroad, its corporate tax structure, the location of Apple's suppliers, manufacturers, or assemblers, working conditions or labor issues, and any press concerning such issues. Pinn has included documents on its exhibit list with references to these issues, suggesting that Pinn may intend to pursue this line of argument at trial (JTX-357, 361, 391, 458, 509, 511). It should not be permitted to do so.

There is no dispute that Apple sells the accused products in the United States (indeed, the parties have reached an agreement regarding a fact stipulation on this exact issue), and the parties' damages positions do not have anything to do with the number of products Apple imports, as opposed to sells. The location of Apple's foreign partners, and any negative press reports about their working conditions or labor issues, are not relevant to any issue in this case and would have no purpose other than to invite a negative emotional jury response by suggesting unfairly that Apple

outsources jobs and does so under poor working conditions. *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510, at *2 (E.D. Tex. Sept. 21, 2016) (excluding evidence regarding "the location of Apple's suppliers, manufacturers, and press concerning the same, including working conditions or labor issues").

While Apple has no issue with a party identifying the existence of the contract manufacturers, or mentioning them by name in the abstract, Apple questions the relevance of any such information to this case. Apple concedes its products are manufactured outside the United States, but that is irrelevant here, as Apple has stipulated to the fact that it sells the products in the United States. Furthermore, evidence regarding the ***location*** of those contract manufacturers abroad has no bearing on any question the jury will be asked to resolve and would serve only to invite a negative emotional response from the jury. *See Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1001, 1008 (9th Cir. 2001) (excluding testimony regarding "business practices of Korean companies" because "the risk of racial or ethnic stereotyping is substantial" and such testimony "invited the jury to distrust [plaintiff] by invoking an ethnic, national stereotype"); *see also Fabric Selection, Inc. v. NNW Import, Inc.*, No. 2-16-cv-08558-CAS, 2018 WL 1779334, at *9 (C.D. Cal. Apr. 11, 2018) (finding that "any reference to China or Chinese companies . . . is irrelevant to defendants' alleged infringement or willfulness" and more prejudicial than probative under Rule 403). Because any purported probative value is substantially outweighed by the danger or unfair prejudice and confusion, evidence regarding Apple's foreign operations should be excluded. *See Contentguard Holdings, Inc. v. Amazon.com., Inc.*, No. 2-13-cv-01112-JRG, 2-14-cv-00061-JRG, 2015 WL 12915561, at *3 (E.D. Tex. Aug. 3, 2015) ("The parties shall not refer to the location of Apple's suppliers, manufacturers or assemblers, and any press concerning those entities[.]").

**D.    Exclude Evidence or Argument Regarding Apple Witness Compensation Unrelated to this Case (MIL No. 4)**

Apple requests that the Court preclude the parties from offering evidence or argument relating to the compensation, stock options, net worth, or income of Apple's employees.  This information is not relevant to any issue in the case, including because Apple's employees have no direct financial stake in the outcome of the case.  Further, any alleged probative value of such information is substantially outweighed by the tendency of such questions to embarrass or harass the witness and confuse the jury, not to mention putting the individuals' financial privacy at risk.

By contrast, there will be financial questions for Pinn's witnesses that are relevant to the case and should be permitted.  Apple's damages expert opines on the value of Pinn, and some of these calculations are derived based on the amount of money that certain witnesses (or their closely held companies) invested in Pinn or were paid by Pinn.  Apple should be permitted to pursue questions related to this issue at trial because this real-world evidence about the value of the company shows how Pinn's damages experts have over-valued Pinn's patents.  In fact, one of the relevant data points articulated by Apple's damages expert is the valuation of the Pinn corporation, including its patents, based on amounts paid by Pinn witnesses for shares in the Pinn corporation.  The same is not true with respect to these types of questions as to Apple employees.

**E.    Exclude Evidence Regarding Steve Jobs and Political Positions Taken by Apple or Its Leadership (MIL No. 5)**

The Court should exclude evidence regarding Steve Jobs, political positions taken by Apple or its leadership, and any similar materials.  Pinn has included this type of evidence on its exhibit list, including statements allegedly made by Steve Jobs about "stealing great ideas" (JTX-531, 532), articles describing how Steve Jobs allegedly did not have a license plate on his car and would park in handicap parking

spaces (JTX-499, 500), and Congressional testimony from Apple executives regarding intellectual property issues (JTX-454).

The irrelevance of these materials and prejudicial effect to Apple is exemplified by JTX-531 and JTX-532. Both exhibits (one an audio file, and one an article) reference the following purported statement from Steve Jobs: "Picasso had a saying, 'Good artists copy, great artists steal.' And we have always been shameless about stealing great ideas." These statements were allegedly made by Mr. Jobs *in 1994*—more than 25 years ago—and have no connection to the asserted patents, the accused products, or Apple's current practices; they should be excluded under Federal Rule of Evidence 401 and 402. Additionally, these statements are inadmissible under Rule 403 because any purported probative value is substantially outweighed by the danger of unfair prejudice and confusion. Introducing these statements, or similar evidence regarding Apple or its leadership, invites an emotional response from the jury and general hostility to Apple. *See Bakst v. Cmty. Mem. Health Sys., Inc.*, No. CV 09-08241 MMM, 2011 WL 13214315, at *24 (C.D. Cal. Mar. 7, 2011) (excluding statements disparaging plaintiff's former employer that presented "a potential risk of unfair prejudice [because] the jury might react emotionally" to the contents). Finally, these statements constitute inadmissible hearsay being offered for the truth—namely, that Apple "steals" ideas. Therefore, the statements are hearsay with no applicable exception, and should be excluded pursuant to Rule 802.

JTX-499 and JTX-500, which are articles describing how Steve Jobs allegedly did not have a license plate on his car and would park in handicap parking spaces, should be excluded for the same reasons. Pinn is likely to use these documents to suggest that Steve Jobs did not follow—or was able to use his influence to get around—the rules. Allegations about Mr. Job's parking practices would have no place in this trial even if he were still Apple's CEO, but he passed away nearly 10 years ago. Such evidence is of no probative value here, would be highly prejudicial to Apple, and constitutes inadmissible hearsay.

Unsurprisingly, courts have routinely excluded this type of evidence related to Mr. Jobs.  *See Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 15-cv-05008 NC, Dkt. 362 at 3 (N.D. Cal. Nov. 17, 2016) (excluding Mr. Jobs' 1994 statements because they "would be prejudicial and confusing to the jury"); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6-12-cv-100, Dkt. 359 at 48 (E.D. Tex. Dec. 18, 2014) (same); *Emblaze Ltd. Inc. v. Apple Inc.*, No. 511-cv-01079-PSC, Dkt. 519 at 3 (N.D. Cal. June 19, 2014) (excluding "evidence or argument regarding alleged past misconduct and the alleged poor character of Apple or Steve Jobs"); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, Dkt. 1267 at 4 (N.D. Cal. July 19, 2012) (same); *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-cv-01112-JRG, 2014 WL 11089490, at *5 (E.D. Tex. Sept. 4, 2014) (precluding plaintiffs from offering argument, evidence, or testimony regarding statements made by Steve Jobs to biography writer Walter Isaacson); *Apple iPod iTunes Antitrust Litig.*, No. 05-cv-0037-YGR, 2014 WL 12719192, at *4 (N.D. Cal. Nov. 18, 2014) (precluding plaintiffs from offering evidence or eliciting testimony regarding Steve Jobs' character).

Finally, Apple requests that the Court exclude any political statements made by Apple or its leadership unrelated to this case.  For example, Pinn seeks to introduce congressional testimony from Apple employees from 2005 related to intellectual property issues (JTX-454).  Such evidence is a side-show that will distract from the merits of the case and should be excluded.

## IV.   CONCLUSION

Apple respectfully requests that the Court exclude the materials discussed herein.

DEFENDANT APPLE INC.'S MOTIONS *IN LIMINE* NOS. 1-5
Case No. 8:19-cv-1805-DOC-JDE

Dated:  January 8, 2021                    FISH & RICHARDSON P.C.


                                           By: /s/ Christopher S. Marchese

                                               Christopher S. Marchese (SBN 170239)
                                               marchese@fr.com
                                               633 West Fifth Street, 26th Floor
                                               Los Angeles, CA 90071
                                               Tel: (213) 533-4240
                                               Fax: (858) 678-5099

                                               Seth M. Sproul (SBN 217711)
                                               sproul@fr.com
                                               John W. Thornburgh (SBN 154627)
                                               thornburgh@fr.com
                                               Tucker N. Terhufen (SBN 311038)
                                               terhufen@fr.com
                                               FISH & RICHARDSON P.C.
                                               12860 El Camino Real, Suite 400
                                               San Diego, CA 92130
                                               Tel: (858) 678-5070
                                               Fax: (858) 678-5099

                                               Joy B. Kete (pro hac vice)
                                               kete@fr.com
                                               Fish & Richardson P.C.
                                               One Marina Park
                                               Boston, MA 02210
                                               Tel: 617-542-5070
                                               Fax: 617-542-8906

                                           Attorneys for Defendant APPLE INC.

DEFENDANT APPLE INC.'S MOTIONS *IN LIMINE* NOS. 1-5
Case No. 8:19-cv-1805-DOC-JDE